IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TREKIESHA PRIM | § | |
| VS. | § | CIVIL ACTION NO. 5:07cv113 |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration.

## BACKGROUND

Trekiesha Prim ("Plaintiff") filed her concurrent applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments under the Social Security Act (the "Act") on August 10, 2005, alleging a disability onset date of June 27, 2005, due to a status post right ankle fracture with corrective surgery. On May 26, 2007, the Administrative Law Judge ("ALJ") issued a decision concluding that Plaintiff was not disabled under the Act. Plaintiff filed the above-entitled and numbered social security cause of action on August 1, 2007.

## REPORT AND RECOMMENDATION

On February 23, 2009, the Magistrate Judge issued a Report and Recommendation in the above-entitled and numbered social security cause of action, recommending the case be affirmed. On March 4, 2009, Plaintiff filed objections to the Report and Recommendation. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## PLAINTIFF'S OBJECTIONS

Plaintiff asserts she is entitled to a closed period of disability. According to Plaintiff, she met the listing for arthritis of a major weight bearing joint and should be entitled, at a minimum, to a closed period of disability. Plaintiff asserts she could not work during and after her two surgeries because she remained symptomatic with pain and swelling. Plaintiff objects only to the extent the Report and Recommendation does not remand for consideration of whether Plaintiff is entitled to a closed period of disability through her most recent surgery.

## DISCUSSION

The medical evidence documents that Plaintiff was seen by Dr. Gregory on July 23, 2005, at the Wadley Regional Medical Center's emergency room after having fallen down some steps earlier in the day (Tr. 68). Plaintiff presented herself to the emergency room with part of her distal tibia protruding out of the medial aspect of her lower leg (Tr. 68). Plaintiff underwent corrective surgery on the right ankle with placement of internal stabilizing hardware and an outer fixation device (Tr. 73-74). Dr. Mansour conducted post-surgical orthopaedic examinations of Plaintiff's right ankle (Tr. 115). On or about August 1, 2005, Dr. Mansour replaced Plaintiff's fixation device (Tr. 115).

At Dr. Mansour's request, Plaintiff underwent consultative orthopaedic examinations with Dr. Navid on October 6 and October 12, 2006 (Tr. 151, 153). Plaintiff informed Dr. Navid that she had been walking/weight-bearing with the boot (Tr. 151, 153). Physical examination revealed very limited right ankle range of motion (Tr. 151, 153). Dr. Navid ultimately diagnosed Plaintiff with post-traumatic arthritis of the right ankle, and a osteochondral defect on the weight bearing surface of the tibia (Tr. 151, 153).

Dr. Mansour performed a right-sided tibiotalar arthrodesis in mid-February 2007 (Tr. 154). During a two-week postoperative follow-up examination, Plaintiff reported she was doing quite well and had no major complaints (Tr. 154). X-rays revealed excellent alignment (Tr. 154). Plaintiff's arthrodesis surgery was performed approximately one week prior to the hearing before the Administrative Law Judge ("ALJ") (Tr. 171). This surgery was the fifth, and according to Plaintiff, hopefully the last surgery on Plaintiff's ankle (Tr. 170). Plaintiff testified that before the surgery she had no motion in her ankle; she could only move her foot up and down a little bit (Tr. 171).

The ALJ candidly admitted that it was a close call whether Plaintiff's right ankle injury met the musculoskeletal listing section 1.02A for presumptive disability. The ALJ then noted that the evidence indicated that Plaintiff had been able to ambulate effectively during the relevant period, which is inconsistent with listing-level severity (Tr. 15). Specifically, Plaintiff was the primary care giver for two young children, one of them being a preschooler (Tr. 16, 169). Plaintiff had maintained her driver's license and was capable of driving an automobile, although she testified that she generally did not like driving (Tr. 52, 169-70). Additionally, Plaintiff did not use a walker, two crutches, or two canes for ambulation (Tr. 52, 169-70, 173-74) nor was she prevented from carrying out routine ambulatory activities, such as shopping and banking (Tr. 16, 98, 173-74).

Utilizing both a framework application of the Medical-Vocational Guidelines ("Grids") and vocational expert testimony, the ALJ evaluated whether there was other work existing in significant numbers in the economy that Plaintiff could perform (Tr. 17). Based upon Plaintiff's age classification as a younger individual, with a high school education, poor work experience, and limited sedentary residual functional capacity, the ALJ found that Plaintiff could still perform other work existing in significant numbers in the economy such as a telemarketer and receptionist (Tr. 16-

3

17). Consequently, the ALJ concluded Plaintiff was not disabled during the relevant period under consideration (Tr. 18).

In her objections, Plaintiff argues, for the first time, that she is entitled to a closed period of disability. Plaintiff points out that at the time of the hearing, almost two years after her initial injury, Plaintiff was still symptomatic. Plaintiff had an appointment with her orthopedic physician the week following the hearing to have a cast put on her ankle (Tr. 173).

The Court is not convinced that at the time of the hearing in February 2007, Plaintiff had improved to the point that she could return to sedentary work, even elevating her foot. The Court is of the opinion this case should be reversed and remanded to the Social Security Administration for further evaluation of whether Plaintiff is entitled to a closed period of disability through her most recent surgery. Accordingly, the Court sustains Plaintiff's objections and it is

**ORDERED** that the above-entitled Social Security action is **REVERSED and REMANDED** for further evaluation.

**SIGNED this 16th day of March, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE